(42 Misc. Rep. 275.)

### REISERT v. CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County.   December, 1903.)

1. SUBTERRANEAN WATERS—DIVERSION—DAMAGES.
    Plaintiff sued to restrain a city from operating its pumps to its driven wells on its neighboring lands so as to exhaust the water to the injury of plaintiff's land.  *Held*, that the measure of damages is the diminution of the rental value of the land, and not the value of the crops which might otherwise be raised thereon.

2. SAME.
    Where plaintiff sued a city to recover for damages in using pumps, thereby injuring plaintiff's water supply, he will be allowed as damages the cost of sinking his wells to meet the lowering of the water table.

Suit by Frederick Reisert against the city of New York to restrain defendant from operating its pumps to driven wells on neighboring land and to recover damages.   Judgment for plaintiff without injunction.

James C. Van Siclen, for plaintiff.
R. Percy Chittenden, for defendant.

GAYNOR, J.   This case has already been to the Court of Appeals, which has sent it back for a new trial.   174 N. Y. 196, 66 N. E. 731. The opinion there written starts out with the statement that this is an action for damages, but the complaint shows it to be a suit in equity to restrain the defendant from operating its pumps to its driven wells on its neighboring land to an extent which exhausts the waters and moisture from the plaintiff's land, and injures it; and incidentally to recover past damages.   I have carefully read the opinion, which is of great length, several times, and although it was written for our enlightenment and guidance, I am not at all certain that I fully understand it, owing, no doubt, to my own shortcomings.

The judges here had come to understand that the measure of damage is not the money loss in crops which might have been raised yearly except for the defendant's pumps, but the diminution in rental value

caused thereby, and we had tried the class of cases to which this case belongs on that rule. My learned colleague who tried this case on the former trial stated such rule so clearly and scientifically, and lean of verbiage and repetitions which only tend to confuse (Reisert v. The City, 35 Misc. Rep. 413, 71 N. Y. Supp. 965), that no one could misunderstand it. I now adhere to that rule. On the first trial of the case the learned counsel for the plaintiff persisted in claiming the value of lost crops as the rule of damage, and in offering evidence to prove such value, and it was excluded. I cannot make out from the opinion of reversal that the reversal is based on this ruling. It seems to me rather that it was for the exclusion of the evidence in so far as it showed the falling off in quantity of crops, on the obvious ground that if the farm would not raise a crop, or a full crop, its rental value for farming purposes would be to that extent, or in that proportion, diminished. But when I turn to the record of the former trial I have to doubt this, for I there find that the learned trial judge offered to take such evidence for that purpose, but the counsel for the plaintiff would not have it so. For being taken at his word instead of being taken in guardianship by the court, the reversal seems to have resulted.

The views I have heretofore expressed in the case of Westphal v. City of New York, 34 Misc. Rep. 684, 70 N. Y. Supp. 1021, are applicable to this case, and the evidence here confirms me in the accuracy thereof. There has been no diminution of crops, and the rental value of farming lands in that neighborhood, which of course was easily proved by the defendant, has consequently remained the rental value of the plaintiff's land. The attempt to make out that bog·land, or land where the water table is at the surface, is superior land for market gardening, is completely overthrown by the evidence of the farmers who testified for the defendant. Indeed, that such land has to be drained to be made useful is a thing well known. It is noteworthy that no jury in Queens county can be found to give more than a very small verdict in any of these cases. Where there is no such lowland, it is obvious that the plaintiff can suffer no loss of crops, and where there is such lowland, the same is equally obvious to farmers, though others may be put in a state of doubt about it. In this case there is a small piece of lowland, the rest being high up from the water table.

The only damage sustained by the plaintiff was the cost of lowering his wells by reason of the lowering of the water table, which was $90.

Judgment for the plaintiff for $90, without injunction.